HOOTAN TROY FARAHMAND (SBN: 230345)
3575 Cahuenga Bl. West, #580
Los Angeles, CA 90068
Telephone: (310) 560-0606
Facsimile: (310) 829-0225
Email: HTF@HTFLAWFIRM.COM
JOE OLLINGER (SBN: 285641)
3348 Griffith Park Blvd. #22
Los Angeles, CA 90027
Telephone: (310) 424-0097
Email: josephollinger@gmail.com
Attorneys for Plaintiff,
STAR FABRICS, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STAR FABRICS, INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>NORDSTROM, INC., a Washington corporation; HAUTELOOK, INC., a California corporation; SARA BOO, a California business entity of form unknown; BIZMATCH SAN DIEGO, INC., a California corporation; IDEELI, INC., a Delaware corporation; and DOES 1-10,<br><br>　　　　　Defendants | Case No.<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>1. COPYRIGHT INFRINGEMENT;<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT;<br><br>Jury Trial Demanded |

　　　Plaintiff STAR Fabrics, INC. ("Plaintiff" or "STAR FABRICS"), by and though its undersigned attorneys, hereby prays to this honorable Court for relief and remedy based on the following:

1

**COMPLAINT**

## INTRODUCTION

Plaintiff creates and obtains unique two-dimensional graphic artworks for use on textiles, which textiles are transacted primarily in the fashion industry. Plaintiff owns these designs in exclusivity and makes sales of products bearing these designs for profit. Plaintiff's business is predicated on its ownership of these designs and it spends a considerable amount of time and resources creating and obtaining top quality, marketable, and aesthetically-appealing designs. Customers of Plaintiff take design samples with the understanding and agreement that they will utilize only Plaintiff to reproduce said designs should they wish to do so, and will not seek to make minor changes to Plaintiff's proprietary work to reproduce the same elsewhere. This action is brought to recover damages for direct, vicarious, and contributory copyright infringement arising out of the misappropriation of Plaintiff's intellectual property rights in certain of these designs, by Defendants, and each of them.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331(m), 1338 (a-b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff STAR FABRICS is a corporation organized and existing under the law of the State of California with its principal place of business located at 1440 East Walnut, Los Angeles, California 90011.

5. Plaintiff is informed and believes and thereon alleges that Defendant NORDSTROM, INC. ("NORDSTROM") is a corporation organized and existing

under the laws of the state of Washington with its principal place of business located at 1600 Seventh Avenue, Suite 2600, Seattle, WA 98101, and is doing business in and with the State of California.

6. Plaintiff is informed and believes and thereon alleges that Defendant HAUTELOOK, INC. ("HAUTELOOK") is a corporation company organized and existing under the laws of the State of California with its principal place of business at 1212 S. Flower Street, Suite 300, Los Angeles, California 90015, and is doing business in and with the State of California.

7. Plaintiff is informed and believes and thereon alleges that Defendant SARA BOO ("SARA BOO") is a California business entity of form unknown with its principal place of business located at 4321 Cass St., #6 San Diego, CA 92109, and is doing business in and with the State of California.

8. Plaintiff is informed and believes and thereon alleges that Defendant BIZMATCH SAN DIEGO, INC. ("BIZMATCH") is a corporation organized and existing under the laws of the state of California with its principal place of business located at 7915 Silverton Ave., # 301, San Diego, CA 92126, and is doing business in and with the State of California.

9. Plaintiff is informed and believes and thereon alleges that Defendant IDEELI, INC. ("IDEELI") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 620 8th Avenue, 45th Floor, New York, New York 10018, and is doing business in and with the State of California.

10. Plaintiff is informed and believes and thereon alleges that some of Defendants DOES 1 though 3, inclusive, are manufacturers and/or vendors of garments to Defendant, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying garments comprised of fabric printed with Plaintiff's copyrighted design(s) (as hereinafter defined) without Plaintiff's knowledge of consent or have contributed to said infringement. The true names,

whether corporate, individual or otherwise, of Defendants DOES 1-3, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when the same have been ascertained.

11. Defendant DOES 4 though 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyright, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual, or otherwise, of Defendants 4 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

12. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agents, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts of conduct alleges, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO DESIGN TITLES "62261"

13. Prior to the conduct complained of herein, Plaintiff created original source artwork and created with it a multi-element pattern design suitable for printing on textiles. Plaintiff allocated to this artwork the Internal Design Code "No. 62261" ("Subject Design") (attached hereto as EXHIBIT 1").

**PLAINTIFF'S COMPLAINT**

1   14.   Plaintiff applied for copyright registration from the United States Copyright Office and was granted Registration No. VA0001674132 on June 10, 2009 (attached hereto as "EXHIBIT 2").

15.   Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing the Subject Design to numerous parties in the fashion and apparel industries. The first date of publication of 62261 was April 27, 2008.

16.   Following this distribution of product bearing the Subject Design, Plaintiff's investigation revealed that and each of them created, manufactured, caused to be manufactured, imported, distributed, and/or sold fabric and/or garments comprised of fabric featuring a design which is identical, or substantially similar, to the Subject Design and/or distributed fabric bearing a design that is identical or substantially similar to the Subject Design and/or garments comprised of such fabric ("Subject Garment"). Said garments include but are not limited to units, which is attached hereto as Exhibit 3. (attached hereto as "EXHIBIT 3")

17.   Plaintiff formatted the Subject Design for use on textiles, sampled the Subject Design to prospective customers, and negotiated sales of fabric bearing the Subject Design.

18.   Plaintiff's investigation into the unlawful use of its proprietary designs revealed that Defendant SARA BOO was creating, distributing, and selling for profit garments which infringed the Subject Design ("Infringing Garments").

19.   Plaintiff is informed and believes, and thereon alleges, that Defendant SARA BOO made slight alterations to the Subject Design and had its modified design printed elsewhere, with knowledge that the Subject Design was Plaintiff's proprietary design.

20.   Plaintiff's investigation into the unlawful use of its proprietary designs revealed that Defendant BIZMATCH was creating, distributing, and selling for profit garments which infringed the Subject Design ("Infringing Garments").

**PLAINTIFF'S COMPLAINT**

21. Plaintiff is informed and believes, and thereon alleges, that Defendant BIZMATCH made slight alterations to the Subject Design and had its modified design printed elsewhere, with knowledge that the Subject Design was Plaintiff's proprietary design.

22. Plaintiff's investigation into the unlawful use of its proprietary designs revealed that Defendant NORDSTROM was purchasing, distributing, and selling for profit garments which infringed the Subject Design ("Infringing Garments").

23. Plaintiff's investigation further revealed that Infringing Garments were sold by SARA BOO, BIZMATCH, and DOE defendants to NORDSTROM and DOE defendants.

24. Plaintiff's investigation into the unlawful use of its proprietary designs revealed that Defendant HAUTELOOK was purchasing, distributing, and selling for profit garments which infringed the Subject Design ("Infringing Garments").

25. Plaintiff's investigation further revealed that Infringing Garments were sold by SARA BOO, BIZMATCH, and DOE defendants to HAUTELOOK and DOE defendants.

26. Plaintiff is informed and believes that Defendant HAUTELOOK is a subsidiary of Defendant NORDSTROM.

27. Plaintiff's investigation into the unlawful use of its proprietary designs revealed that Defendant IDEELI was purchasing, distributing, and selling for profit garments which infringed the Subject Design ("Infringing Garments").

28. Plaintiff's investigation further revealed that Infringing Garments were sold by SARA BOO, BIZMATCH, and DOE defendants to IDEELI and DOE defendants.

29. None of the aforementioned transactions in Paragraphs 18 through 28 of this Complaint were authorized by Plaintiff, and all were in violation of Plaintiff's intellectual property rights.

**PLAINTIFF'S COMPLAINT**

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants, and Each)

30. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth the allegation contained in the preceding paragraphs of this Complaint.

31. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, accessed the Subject Design through, without limitation, the following: (a) access to Plaintiff's design library; (b) access to authorized or unauthorized reproductions in the possession of other direct and third-party vendors, retail stores, and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; and (c) access to Plaintiff's strike-offs, swatches, paper CADs and samples (d) access to garments in the marketplace manufactured from fabric lawfully printed through Plaintiff.

32. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailers, which garments infringed the Subject Design in that said garments were composed of fabric which featured unauthorized print designs that were identical or substantially similar to the Subject Design.

33. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by importing, creating, making, and/or developing directly infringing and/or derivative works from the Subject Design and by importing, producing, distributing, and/or selling Infringing Garments as described in paragraph 18-28 of this Complaint through their retail stores and through on-line websites.

34. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

35. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

36. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design in an amount to be established at trial.

37. Plaintiff issued cease and desist letters to Defendants, and each of them, and is informed and believes and thereon alleges that, in spite of their receipt of the aforementioned cease and desist demand letters, Defendants, and each of them, continued to sell Subject Garments in violation of Plaintiff's right as the copyright proprietor and owner of Subject Design. Therefore Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional, and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.

38. Defendants, and each of them, willfully and intentionally misappropriated, palmed-off and/or infringed Plaintiff's copyrighted Subject Design, which renders Defendants, and each of them, liable for statutory damages as described herein. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or contributory Copyright Infringement – Against All Defendants)

39. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

40. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knowingly induced, participated in, aided and abetted in, and resultantly profited from the illegal reproduction, importation, purchase, distribution, and/or sales of product featuring the Subject Design as alleged hereinabove.

41. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct and financial interest in the infringing conduct.

42. By reason of the Defendants', and each of their, acts of contributory and/or vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

43. Due to Defendants' acts of contributory and/or vicarious copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design, in an amount to be established at trial.

44. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have continued to manufacture and/or sell Subject Garments after Plaintiff demanded that they cease and desist from engaging in same. Therefore Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability therefore, including statutory damages under Section 504(c)(2) of the Copyright Act in the sum of one hundred fifty thousand dollars ($150,000) per infringement. Further, Defendants', and each of their willful and intentional

misappropriation and/or infringement of Plaintiff's copyrighted Subject Design renders Defendants, and each of them, liable for statutory damages as described herein. Within the time permitted by law, Plaintiff will make its election between actual and statutory damages.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### *Against All Defendants*

1. With Respect to Each Claim for Relief
    a. That Defendants, their agents and servants be enjoined from importing, manufacturing, distributing, offing for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrights in the Subject Design in any manner;
    b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or if elected, before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 *et seq.*;
    c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 *et seq.*;
    d. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;
    e. That Plaintiff be awarded pre-judgment interest as allowed by law;
    f. That Plaintiff be awarded the costs of this action; and
    g. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury in this action pursuant to F.R.C.P. 38 and the Seventh Amendment of the Constitution.

DATED: June 16, 2014

By: _____
JOE OLLINGER
LAW OFFICES OF H. TROY FARAHMAND
Attorneys for Plaintiff
STAR FABRICS, INC.

**PLAINTIFF'S COMPLAINT**